UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ALPHA MARINE INSTALLATIONS LLC, a Washington limited liability company,<br><br>Defendant. | Case No. 3:26-cv-5083<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Comes now Great American Insurance Company and alleges as follows:

**1. NATURE OF THE ACTION**

1.1 This is an insurance coverage action seeking declaratory relief under 28 U.S.C. §§ 2201 and 2202.

1.2 Plaintiff Great American Insurance Company ("Great American") issued a marine commercial liability policy to Defendant Alpha Marine Installations LLC ("Alpha Marine"), which provides liability coverage subject to various terms, conditions, and exclusions.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

1.3     Tanner Electric Cooperative ("Tanner Electric") asserted claims against Alpha Marine arising out of alleged damage to an undersea electrical transmission cable serving Anderson Island, Washington.  Tanner Electric filed a lawsuit against Alpha Marine in Pierce County Superior Court (the "Underlying Action") entitled *Tanner Electric Cooperative v. Alpha Marine Installations, LLC* (Case No. 25-2-13050-4). A copy of the Complaint filed against Alpha Marine is attached as **Exhibit 1**.

1.4     Alpha Marine tendered the defense and indemnity of the Underlying Action to Great American under the policy.

1.5     Tanner Electric's claims against Alpha Marine fall within one or more policy's exclusions.

1.6     Great American is currently providing a defense to Alpha Marine in the Underlying Action subject to a full and complete reservation of rights.

1.7     Great American seeks a judicial declaration that the policy affords no coverage for Tanner Electric's claims against Alpha Marine in the Underlying Action, and that Great American has no obligation to defend or indemnify Alpha Marine for any judgment, settlement, or other amounts arising from those claims.

## 2.     THE PARTIES

2.1     Plaintiff Great American Insurance Company is an Ohio corporation with its headquarters and principal place of business in Cincinnati, Ohio.

2.2     Alpha Marine Installations LLC is a Washington limited liability company with its headquarters and principal place of business in Onalaska, Washington.

///

///

COMPLAINT FOR DECLARATORY JUDGMENT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

## 3. JURISDICTION AND VENUE

3.1 This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 to determine whether there is a duty to defend and indemnify Alpha Marine, which is a question of actual controversy between the parties.

3.2 This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the plaintiff and the defendant, and the amount in controversy exceeds the sum or value of $75,000.

3.3 Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as all actions giving rise to this Complaint took place in Pierce County, which is within this judicial district.

## 4. FACTS

4.1 Great American issued Marine Commercial Liability Policy No. OMH 3133806 (the "Policy") to Alpha Marine for the period of February 23, 2022 to February 23, 2023 (the "Coverage Period"). A copy of the Policy is attached to this Complaint as **Exhibit 2**.

4.2 The Policy includes limits of $1,000,000 per occurrence, $2,000,000 in the general aggregate, and $1,000,000 in the products-completed operations aggregate, subject to all terms, conditions, limitations, and exclusions set forth in the Policy. (Policy, Ocean Marine Policy Declarations Page).

4.3 Subject to those terms, conditions, limitations, and exclusions, the Policy's Marine Commercial Liability Coverage provides that Great American "will pay those sums that the Insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies" and that it "will have the right and duty to

COMPLAINT FOR DECLARATORY JUDGMENT - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

defend the Insured against any 'suit' seeking those damages," subject to the Policy's limits of insurance. (Policy, Marine Commercial Liability Coverage Form, § I.1.A).

  4.4 The Policy defines "Property damage" to mean:

> A. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or B. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Policy, Marine Commercial Liability Coverage Form, § VIII.22).

  4.5 The Policy also includes a Protection & Indemnity ("P&I") Coverage Endorsement providing P&I limits of $1,000,000 for a specifically scheduled vessel described as a "2000 24' Munson Pacman Aluminum Landing Craft/Workboat." (Policy, Ocean Marine General Endorsement). Under the P&I Coverage Endorsement, and "[w]ith respect to watercraft covered by this policy which are being navigated by the Insured or his employees in conjunction with operations covered by this policy," the Policy is "extended to cover such sums as the Insured shall have become legally liable to pay, and shall have paid, on account of," among other things, "(B) loss of, or damage to, or expense in connection with any fixed or movable object or property of whatsoever nature," as well as specified investigation and defense costs. (Policy, Protection & Indemnity Coverage Endorsement ¶ 2(A)–(D)).

  4.6 The P&I Coverage endorsement provides that "[a]ll other terms and conditions of this [P]olicy remain unchanged."

  4.7 The Policy contains an exclusion titled "Explosion, Collapse and Underground Property Damage," that states that the insurance does not cover "'Property damage' arising out of the 'explosion hazard,' the 'collapse hazard' or the 'underground property damage hazard.'" (Policy, Marine Commercial Liability Coverage Form, § I.2.I).

COMPLAINT FOR DECLARATORY JUDGMENT - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

4.8     The Policy provides that "'Underground property damage hazard' includes 'underground property damage' and any resulting 'property damage' to any other property at any time." The Policy further defines "Underground property damage" to mean "'property damage' to wires, conduits, pipes, mains, sewers, tanks, tunnels, and similar property, and any apparatus used with them beneath the surface of the ground or water, caused by the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, burrowing, filling, back-filling or pile driving." (Policy, Marine Commercial Liability Coverage Form, §§ VIII.26–27).

4.9     The Policy further contains a "Damage to Property" exclusion that, among other things, states that the insurance does not apply to:

> "Property damage" to: … (5) that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or (6) that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

(Policy, Marine Commercial Liability Coverage, § I.2.K).

4.10    In addition, under "SUPPLEMENTARY PAYMENTS – COVERAGES A, B AND ENDORSED COVERAGE," the Policy provides that "[t]hese Supplementary Payments will reduce the applicable Limits of Insurance" and that, with respect to any claim Great American investigates or settles, or any "suit" it defends, Great American will pay, among other things, "[a]ll expenses we incur" and "[a]ll reasonable expenses incurred by the Insured at our request to assist us in the investigation or defense of the claim or 'suit,' including the actual loss of earnings up to $250 a day because of time off from work," within and eroding

COMPLAINT FOR DECLARATORY JUDGMENT - 5

the applicable limits. (Policy, Marine Commercial Liability Coverage, Supplementary Payments – Coverages A, B and Endorsed Coverage, ¶ 1(A), (D)).

4.11    According to the Complaint in the Underlying Action, Tanner Electric is a Washington electric cooperative that provides electrical services to residents of North Bend and Ames Lake in King County, and Anderson Island in Pierce County, Washington. (Underlying Compl. ¶¶ 2.2–2.3).

4.12    Tanner Electric alleges in the Underlying Action that it supplies electrical services to Anderson Island through submarine cables that lie in the bed of Puget Sound near Anderson Island, including in the area of Thompson Cove on the southern tip of the island. (Underlying Compl. ¶¶ 2.2–2.4).

4.13    Through November 2022, Tanner alleges that it maintained two 25 kV subsea cables, referred to in the Underlying Complaint as "Cable 1" and "Cable 2." Cable 2, the newer cable, functioned as the primary transmission cable to Anderson Island, while Cable 1 was energized and maintained as a backup cable if Cable 2 had to be de-energized or became damaged. (Underlying Compl. ¶¶ 2.5–2.8).

4.14    Tanner Electric alleges that both Cable 1 and Cable 2 are located under the seabed in Thompson Cove. Tanner Electric further alleges that it posted conspicuous warning signs in the vicinity of the beach at Thompson Cove stating "DANGER CABLE CROSSING DO NOT ANCHOR," including at a beach access near Thompson Cove and at Luhr Beach on the mainland across Puget Sound. (Underlying Compl. ¶¶ 2.11–2.13).

4.15    A property owner on Anderson Island contracted with Alpha Marine to install a boat moorage buoy in Thompson Cove. (Underlying Compl. ¶ 2.9).

COMPLAINT FOR DECLARATORY JUDGMENT - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

4.16	Tanner Electric alleges that Alpha Marine did not contact Tanner Electric, did not call 811, and did not make use of any service maintained under the Washington Utilities and Transportation Commission under Chapter 19.122 RCW to identify underground facilities before performing the boat moorage buoy work. (Underlying Compl. ¶ 2.14).

4.17	On or about November 14, 2022, Alpha Marine undertook work to install the boat moorage buoy in Thompson Cove. (Underlying Compl. ¶ 2.15).

4.18	Tanner Electric alleges that Alpha Marine used drilling equipment and that Alpha Marine's drill "struck and caused significant damage" to subsea Cable 1. Tanner Electric alleges that the damage resulting from Alpha Marine's subsea drilling rendered Cable 1 unsafe and unsuitable for continued use and a substantial number of Anderson Island residents temporarily lost power on November 14, 2022. (Underlying Compl. ¶¶ 2.16–2.18).

4.19	Tanner Electric further alleges that an Alpha Marine employee admitted that drilling into the cable was his fault, that Tanner Electric was forced to de-energize Cable 1, and that Cable 2 is now the sole functioning 25 kV subsea cable supplying electrical energy to Anderson Island. (Underlying Compl. ¶¶ 2.19–2.20).

4.20	Tanner Electric engaged J.F. Brennan Company, Inc. ("Brennan") to investigate the damage to Cable 1 and evaluate whether the cable could be repaired or returned to service. Tanner alleges that Brennan's assessment confirmed extensive damage to Cable 1 and concluded that it cannot be repaired or placed back into service. (Underlying Compl. ¶¶ 2.21, 2.24).

///

///

COMPLAINT FOR DECLARATORY JUDGMENT - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

4.21    Tanner Electric alleges that it paid Brennan $171,402.23 for investigation and testing and that preliminary estimates to install a replacement 25 kV subsea cable are approximately $20,000,000 to $25,000,000. (Underlying Compl. ¶¶ 2.22–2.23, 3.9).

4.22    In the Underlying Action, Tanner Electric asserts causes of action for negligence and for violation of Washington's Underground Utility Damage Prevention Act, RCW 19.122. Tanner Electric alleges, among other things, that Alpha Marine failed to exercise reasonable care in identifying existing infrastructure, failed to heed posted warnings, and failed to comply with statutory obligations applicable to excavators, and that these failures caused the damage to Cable 1. (Underlying Compl. ¶¶ 3.2–3.9, 4.2–4.9).

4.23    Tanner Electric seeks to recover from Alpha Marine the costs of inspecting and assessing the damage to subsea Cable 1, the anticipated costs of replacing subsea Cable 1, post-judgment interest, and other relief, including attorneys' fees under RCW 19.122.040. (Underlying Compl. ¶¶ 3.9, 4.9–4.10).

4.24    Before Tanner Electric filed the Underlying Action, Great American issued correspondence to Alpha Marine, including an April 17, 2023 reservation-of-rights letter and a June 30, 2025 letter explaining that there was no coverage for Tanner Electric's claim under the Policy. Alpha Marine did not respond, object, or otherwise oppose those determinations. Copies of the April 17, 2023 and June 30, 2025 letters are attached as **Exhibits 3** and **4**.

4.25    After the Underlying Action was filed, Alpha Marine tendered the suit to Great American and Great American issued a further reservation-of-rights letter dated December 17, 2025. In the December 17 letter, Great American advised that, although it had concluded that the Policy does not provide coverage for Tanner Electric's claims or a duty to defend, Great

COMPLAINT FOR DECLARATORY JUDGMENT - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

American would nonetheless defend Alpha Marine in the Underlying Action subject to a full reservation of rights, including the rights to deny coverage (including any obligation to indemnify), to terminate defense funding upon a no-coverage ruling, to seek declaratory relief regarding its coverage obligations, and to intervene in the Underlying Action to assist in allocating covered and non-covered claims or damages. A copy of the December 17 letter is attached as **Exhibit 5**.

      4.26    Tanner Electric's claims in the Underlying Action are excluded by the Policy's "Explosion, Collapse and Underground Property Damage" exclusion because they seek damages for "property damage" for harm to an undersea electric cable allegedly caused by Alpha Marine's use of mechanical drilling equipment to install a subsea anchor, which falls within the Policy's defined "underground property damage hazard." (Policy, Marine Commercial Liability Coverage Form, §§ I.2.I, VIII.26–27).

      4.27    Tanner Electric's claims are also barred by the Policy's "Damage to Property" exclusion because Tanner Electric seeks recovery for damage to "that particular part of real property on which [Alpha Marine] or any contractors or subcontractors working directly or indirectly on [its] behalf are performing operations, if the 'property damage' arises out of those operations," and for "that particular part of any property that must be restored, repaired or replaced because '[Alpha Marine's] work' was incorrectly performed on it." (Policy, Marine Commercial Liability Coverage Form, § I.2.K). The property damage alleged by Tanner Electric arises directly out of Alpha Marine's boat moorage buoy installation operations in the Thompson Cove area. The exclusion applies because the damage to the real property resulted

COMPLAINT FOR DECLARATORY JUDGMENT - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

from Alpha Marine's operations and work, even though Alpha Marine was not performing work on the real property itself.

4.28    The instant cause of action instituted by Great American is timely.

## 5.    CLAIM FOR DECLARATORY RELIEF

5.1    Pursuant to 28 U.S.C. §§ 2201 and 2202, Great American requests that the Court enter judgment declaring that (1) there is no coverage under the Policy for Tanner Electric's claims against Alpha Marine in the Underlying Action, and (2) Great American has no duty to defend or indemnify Alpha Marine with respect to Tanner Electric's claims in the Underlying Action.

5.2    There is an actual controversy between the parties concerning whether there is a duty to defend or indemnify Alpha Marine for the claims asserted in the Underlying Action, including any duty to defend or indemnify Alpha Marine.

5.3    A prompt and speedy declaration of the rights and duties of the parties is necessary and appropriate at this time, considering the clearly delineated issues outlined in this Complaint for Declaratory Judgment.

## 6.    PRAYER

WHEREFORE, Great American prays for judgment as follows:

6.1    That the Court declare that there is no duty to defend or indemnify Alpha Marine for the Claims in the Underlying Action;

6.2    For the costs of suit incurred herein; and

6.3    For such other and further relief as the Court may deem just and appropriate in this case.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Dated this 29th day of January, 2026.

                        SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/ Molly J. Henry
       Molly J. Henry, WSBA #40818
       Email: mhenry@schwabe.com
       1420 5th Avenue, Suite 3400
       Seattle, WA 98101

By:   /s/ David M. Hori
       David M. Hori, WSBA #56796
       Email: dhori@schwabe.com
       1211 SW 5th Avenue, Suite 1800
       Portland, OR 97204

*Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY JUDGMENT - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711